UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>MICHAEL A. CARR, *et als.*, )<br>)<br>Defendants ) | 2:11-cv-00280-GZS |

**ORDER ON DEFENDANT CARR'S
MOTION FOR APPOINTMENT OF COUNSEL**

"There is no absolute constitutional right to a free lawyer in a civil case." Desrosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). "To determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing, *inter alia*, on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself." Id. at 24. Carr appears to believe that he is entitled to court-appointed counsel in this civil action, perhaps because the United States is the plaintiff. The statutory provision governing court-appointed counsel, 18 U.S.C. § 3006A, does not list civil defendants in an action such as this one as eligible for court-appointed counsel. Furthermore, at least one circuit court has noted that even in a civil forfeiture action involving the forfeiture of real property, a defendant is not entitled to court-appointed counsel. United States of America v. 87 Blackheath Road, 201 F.3d 98 (2d Cir. 2000).

As this court does not have statutory authority to appoint counsel in this matter, it would have to find *pro bono* counsel who would agree to handle the case without compensation in order to grant this motion. To take that step would require truly exceptional circumstances and a much more developed record than what is currently before the court at this stage of the proceedings.

I do not find those exceptional circumstances in this case at this time. Of course, as the case develops circumstances may change, in which case I would reconsider this Order on my own motion. Accordingly, the Motion for Appointment of Counsel is hereby DENIED.

*So Ordered.*

January 13, 2012 /s/ Margaret J. Kravchuk
U.S. Magistrate Judge