UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATE OF AMERICA, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | ) 2:11-cv-00280-GZS |
| | ) |
| MICHAEL A. CARR, et al. | ) |
| | ) |
|     Defendants | ) |

### ORDER RESERVING RULING ON MOTION TO DISMISS
### PENDING SERVICE BY THE GOVERNMENT

Michael Carr, the *pro se* defendant in this tax collection case, has brought a motion to dismiss (Doc. No. 16), claiming insufficient service of process. He has a point, but not one that persuades me that the remedy should be immediate dismissal of the action. The United States brought this complaint on July 22, 2011, seeking to collect Carr's unpaid federal income tax liability for tax years 1992, 1993, 1994, 1995, 1996, and 2000, and to enforce associated tax liens against real property. On August 2, 2011, the Court issued a summons as to Carr, listing an address of 11 Avon Place, Portland, Maine (Doc. No. 3-3), the same address as provided in paragraph 2 of the complaint as the defendant's last known address. (Doc. No. 1.) After more than 120 days had passed from the filing of the complaint and the Government had neither filed a return of service nor any response to the Court's Order to Show Cause (Doc. No. 4), the Court dismissed the action for failure to prosecute. (Doc. No. 5, vacated.) The Government responded to the dismissal with a motion to vacate the dismissal and for additional time, which the Court ultimately granted, giving the Government until January 23, 2012, to file a proof of service on Carr and the other persons in interest named in the complaint. (Doc. No. 7.)

On January 19, 2012, the Government filed an affidavit of service (Doc. No. 12), indicating that Michael Carr had been served with the summons and complaint on November 3, 2011. However, service was accomplished by leaving the documents with Susan Chang, Carr's "wife/x-wife?" (see Aff. of Service) at 24 Indian Ridge Road, Apartment A, Yarmouth, Maine. The process server checked that the documents were left at Carr's dwelling house or usual place of abode with a member of his household over the age of 18. There is nothing in the record that suggests that Carr resided at this address at any time and Carr affirmatively states in his motion that he has his own legal address and telephone number known to the Government since at least November 8, 2011, which is supported by the Government's own waiver of service documents sent to an address in Damariscotta, Maine (Doc. No. 17-2), which Carr has admitted receiving.

After the Government got the complaint reinstated on the docket, perhaps recognizing that its earlier service may have been less than perfect, it chose to send Carr another copy of the complaint along with a request for waiver of service of summons. (Doc. 17-1.) Carr does not dispute that he received those documents nor does he dispute that his ex-wife previously told him about the lawsuit. Instead, he complains that the Government should not have sent him a request for waiver, but must serve him with the complaint. I conclude that Carr's argument can only be based upon his ignorance of the Federal Rules of Civil Procedure. Waiver of service is a perfectly acceptable way for the Government to proceed in this case and, pursuant to Rule 4, if Carr refuses, without good cause, to sign and return the waiver, the expenses incurred in making service and the attorney's fees of any motion required to collect those service expenses can be collected from Carr himself. Fed. R. Civ. P. 4(d)(2). Additionally, timely acceptance of a request for waiver of service affords the defendant with additional time in which to answer the complaint. Fed. R. Civ. P. 4(d)(3). Thus, the Government's attempt to reduce costs in this

action ultimately inures to Carr's benefit, not the Government's.  However, if Carr chooses not to waive service, there is little this Court can do to make him do so.

Service of process serves a dual purpose: it gives the court jurisdiction over the person of the defendant as well as notifying him of the lawsuit.  In considering whether or not service of process is sufficient, the federal court often looks to the law of the jurisdiction where service was made.  See Fed. R. Civ.P. 4(e)(1); Precision Etchings & Findings, Inc. v. LGP Gem, Ltd., 953 F.2d 21, 23 (1st Cir. 1992) (holding that return receipt evidencing service at a location other than the party's usual place of abode, signed by someone other than the party to be served, was insufficient to confer personal jurisdiction under Rhode Island law or well-established federal precedent, despite actual notice on the part of the party to be served).  The Court of Appeals has determined that where the defendant has actual notice of the lawsuit, the rules of service will be broadly construed, allowing for minor technical defects.  Id.  Nevertheless, on the facts presented by this record, it appears that the Maine Law Court would likewise conclude that the Government's failure to follow the manner of service called for in the rule fails to establish jurisdiction over the person of Carr.  Brown v. Thaler, 2005 ME 75, ¶¶ 9-12, 880 A.2d 1113, 116.  A process server leaving a complaint and summons with the defendant's ex-wife, in the absence of evidence that such service was made at the defendant's dwelling house or usual place of abode, is not the manner of service contemplated by Rule 4(d)(1) of the Maine Rules of Civil Procedure and presents more than a mere technical defect in service.

Defects in service of process can be deemed waived by the defendant in certain circumstances.  Mitchell v. Hobbs, 951 F.2d 417, 422 (1st Cir. 1991) (explaining that lack of personal jurisdiction based upon insufficient service of process can be waived by submission to the court's jurisdiction through conduct).   However, the requirement of proper service is not


waived by the entry of an appearance by or on behalf of a defendant.  Marcial Ucin, S.A. v. SS Galicia, 723 F.2d 994, 997 (1st Cir. 1983); Lewellen v. Morley, 909 F.2d 1073, 1077 (7th Cir. 1990).  Carr's entry of his appearance *pro se* on December 22, 2011, when he filed a motion for appointment of counsel (Doc. No. 9) seems unlikely to be treated as a waiver of service, especially in light of his subsequent and now pending motion to dismiss based upon insufficient service of process, filed shortly after appointment of counsel was denied.

Rather than recommending dismissal of this action at this time, I hereby extend the deadline to effectuate service and modify the deadlines for Carr to answer, should he waive service.  If Carr promptly signs the waiver he previously received and this Court receives a signed waiver within the next 7 days, Carr will have 30 days from the date he signs the waiver to file his answer.[1]  If the waiver is not promptly returned, it will be the Government's obligation to serve Carr within the next 30 days and Carr will have 21 days from the date of service to file his answer.

## CERTIFICATE

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

*So Ordered.*
Dated:  March 2, 2012                    /s/ Margaret J. Kravchuk
                                         U.S. Magistrate Judge

---

[1]  I am giving Carr more time than the rule requires because the record reflects that the request for waiver was sent on January 9, 2012, and his answer would have been due on or about March 9, 2012, had he waived service.  If Carr signs the waiver by March 9, 2012, his answer will be due by April 9, 2012.  If Carr still does not wish to accept the waiver of service, the Government should act promptly to have him served and his answer will be due 21 days after service.